511 So.2d 554 (1987)
Beauford WHITE, Petitioner,
v.
Richard L. DUGGER, Secretary, Department of Corrections, State of Florida, Respondent.
No. 70989.
Supreme Court of Florida.
August 20, 1987.
*555 Larry Helm Spalding, Capital Collateral Representative, and Mark E. Olive, Chief Asst. Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Richard L. Kaplan, Capital Collateral Coordinator and Richard L. Polin, Asst. Atty. Gen., Miami, for respondent.
SHAW, Justice.
On 4 June 1987, the Governor signed a death warrant for Beauford White. This Court has previously affirmed White's convictions for first-degree murder and his death sentences. White v. State, 403 So.2d 331 (Fla. 1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983). Subsequently, we denied post-conviction relief in Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), and State v. White, 470 So.2d 1377 (Fla. 1985). In a petition filed 19 August 1987, White now seeks extraordinary relief, a writ of habeas corpus, and a stay of execution. We have jurisdiction, article V, section 3(b)(9), Florida Constitution, and deny all relief.
The death warrant on White, signed 4 June 1987, set his execution for the week beginning 25 August 1987. When warrants set the execution at least sixty days from the date of signing, Florida Rule of Criminal Procedure 3.851 requires that motions and petitions of post-conviction or collateral relief be filed within thirty days of the date of signing. Petitioner has not shown that any exception to the rule exists. Thus, the petition is procedurally barred.
We note that although the petition is labelled as a petition for writ of habeas corpus, the issues raised are of the type which should properly be raised under Florida Rule of Criminal Procedure 3.850, which by its terms procedurally bars an application for writ of habeas corpus. We note also that by its terms, rule 3.850 procedurally bars motions for relief where the judgment and sentence, as here, have been final for more than two years or were final prior to 1 January 1985. Moreover, the primary issue raised here is the application of Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), to White's case. This issue was previously raised in post-conviction proceedings and disposed of in State v. White. Again, the issue raised is procedurally barred by the terms of rule 3.850.
It is clear from the above that this eleventh hour petition is an abuse of process. We point out again to the office of collateral counsel that habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been, raised in rule 3.850 proceedings. Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987); Copeland v. Wainwright, 505 So.2d 425 (Fla. 1987).
Accordingly, we deny the petition. In view of the procedural bars and the time frame under which petitioner's untimely filing places us, no petition for rehearing will be entertained.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.