514 So.2d 1097 (1987)
Bobby Marion FRANCIS, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71292.
Supreme Court of Florida.
November 2, 1987.
Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Chief Asst. Capital Collateral Representative, and Jane G. Rocamora, Staff Atty., Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., Charles M. Fahlbusch and Ralph Barreira, Asst. Attys. Gen., Miami, for respondent.
BARKETT, Justice.
Bobby Marion Francis, under sentence of death and the governor's death warrant, petitions this Court for extraordinary relief, writ of habeas corpus and stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (7) & (9), Fla. Const. We deny the requested relief.
The facts of this case are set forth in Francis v. State, 413 So.2d 1175, 1178-79 (Fla. 1982), and Francis v. State, 473 So.2d 672 (Fla. 1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 908 (1986).
As his single issue in the instant petition, Francis argues that the imposition of the death penalty contrary to the jury's recommendation at trial entitles him to habeas relief. We find the issue procedurally barred, since it was fully argued and decided adversely to Francis on direct appeal. Moreover, the record is clear that the trial court in its sentencing order explicitly considered the mitigating evidence that petitioner was a model prisoner.
Nor can we agree, as petitioner contends, that Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), effected *1098 a fundamental change in Florida law. Petitioner argues that Skipper in effect required this Court for the first time to recognize in mitigation the fact that a petitioner has been a model prisoner. Based on this assertion, petitioner argues that our decision on direct appeal, which preceded Skipper, necessarily was grounded in erroneous law. We cannot agree. In McCampbell v. State, 421 So.2d 1072, 1075-76 (Fla. 1982), some four years earlier, we explicitly had endorsed as a mitigating factor "appellant's prior record as a model prisoner."
Petitioner's reliance on the Supreme Court's remand in Valle v. Florida, ___ U.S. ___, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986) (citing Skipper), is misplaced. That decision vacated our opinion in Valle v. State, 474 So.2d 796 (Fla. 1985), in which we had allowed the exclusion of expert testimony about a prisoner's future capacity to be a model prisoner. We had found this evidence merely cumulative because petitioner already had presented lay testimony that he in fact had the reputation of presently being a model prisoner. Valle thus was in accord with McCampbell.
Read in tandem, Skipper, and Valle v. Florida thus stand only for the proposition that a probability of future good behavior in prison as established in expert testimony is a mitigating factor distinct from that of presently being a model prisoner, and that we erred in holding otherwise. See Valle v. State, 502 So.2d 1225 (Fla. 1987) (on remand). The instant case does not involve expert testimony establishing a probability of future good behavior in prison. Valle v. Florida thus has no bearing on the issues at hand.
We deny the requested relief. No petition for rehearing will be entertained.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.