523 So.2d 161 (1988)
Marvin Edwin JOHNSON, Petitioner,
v.
Richard DUGGER, Respondent.
No. 72231.
Supreme Court of Florida.
April 11, 1988.
*162 Larry Helm Spalding, Capital Collateral Representative and Carlo Obligato, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, and Mark Evan Olive, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
Marvin Johnson, a state prisoner for whom a second death warrant has been signed, petitions this Court for a writ of habeas corpus and requests a stay of his execution, which has been set for 7:00 a.m., Wednesday, April 13, 1988. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const. We deny the requested relief.
A jury convicted Johnson of the 1978 armed robbery and murder of a Pensacola pharmacist and recommended that he be sentenced to life imprisonment without possibility of parole for twenty-five years. On January 12, 1979, the trial court overrode the jury and imposed a sentence of death. This Court affirmed Johnson's conviction and sentence. Johnson v. State, 393 So.2d 1069 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). Following the signing of his first death warrant in April, 1982, a federal district court granted a stay of execution but later held that Johnson was not entitled to any relief. The Eleventh Circuit Court of Appeals affirmed. Johnson v. Wainwright, 806 F.2d 1479 (11th Cir.1986), cert. denied, ___ U.S. ___, 108 S.Ct. 205, 98 L.Ed.2d 157 (1987).
In this petition, Johnson raises five claims: (1) the trial court restricted its consideration of mitigating circumstances to the statutory list in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); (2) appellate counsel ineffectively presented the override issue; (3) appellate counsel ineffectively challenged the aggravating circumstances found by the trial court; (4) appellate counsel was ineffective in failing to appeal the denial of Johnson's motion to suppress a pretrial photographic identification; and (5) the excusal of two jurors pursuant to section 40.01(1), Florida Statutes (1977), which provided automatic exemption from jury service for pregnant women and women with children under age 15, deprived Johnson of his sixth amendment right to trial by a fair cross section of the community and violated the equal protection clause of the fourteenth amendment.
The record does not support petitioner's first claim. When the trial judge was alerted by defense counsel to the United States Supreme Court's decision in Lockett v. Ohio, he expressly stated that he understood the impact of that case and had considered all mitigating evidence, including the nonstatutory mitigating circumstances argued by Johnson. Moreover, this Court addressed this issue on direct appeal, concluding that "the trial judge made it perfectly clear at the sentencing hearing that it had not restricted itself solely to the statutorily enumerated mitigating circumstances." 393 So.2d at 1073.
Claims two and three were raised on direct appeal and, even though the jury override might not have been sustained today, it is the law of the case. In view of the Court's prior consideration of this issue, there has been no showing of prejudice.
Claim four, Johnson's remaining claim of ineffective assistance of counsel, is legally insufficient. In order to prevail on this claim, petitioner must show that counsel's performance fell below an objective standard of reasonableness and, but for counsel's unprofessional errors, there is a *163 reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Johnson has demonstrated neither the substandard performance nor the prejudice required to meet the Strickland test.
Claim five previously has been resolved against petitioner. Henderson v. State, 463 So.2d 196 (Fla.), cert. denied, 473 U.S. 916, 105 S.Ct. 3542, 87 L.Ed.2d 665 (1985); Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), reversed on other grounds on collateral challenge, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987).
Accordingly, we deny the petition for habeas corpus and deny the motion for stay of execution.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, specially concurring.
I agree that we are bound by the law of the case on the jury override issue. However, I believe there was a reasonable basis for the jury's recommendation of life and thus that the court originally erred in sustaining the jury override.
KOGAN, J., concurs.