559 So.2d 578 (1990)
Gregory MILLS, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Gregory MILLS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75037, 75253.
Supreme Court of Florida.
March 1, 1990.
Rehearing Denied May 10, 1990.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. Capital Collateral Representative, Tallahassee, Fla., for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, Fla., for respondent/appellee.
PER CURIAM.
Gregory Mills, a prisoner under death warrant, petitions for a writ of habeas corpus, appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, and requests a stay of execution. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution. We grant an indefinite stay and direct the trial court to hold an evidentiary hearing, but deny the petition for writ of habeas corpus.
A jury convicted Mills of shooting to death a man whose home Mills and an accomplice had broken into. The trial judge overrode the jury's recommendation of life imprisonment and sentenced Mills' to death. This Court affirmed both Mills' conviction of first-degree murder and his death sentence. Mills v. State, 476 So.2d 172 (Fla. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986). The governor recently signed Mills' death warrant, and the trial court summarily denied Mills' 3.850 motion.
In that motion Mills claimed that his counsel rendered ineffective assistance by not developing and presenting evidence of his mental impairment and deficiency in an attempt to mitigate his sentence. He now argues that the trial court erred in not holding an evidentiary hearing on this claim. Treating the allegations as true except to the extent rebutted by the record, Harich v. State, 484 So.2d 1239 (Fla.), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 *579 L.Ed.2d 993 (1986), we find that a hearing on this issue is needed. Therefore, we direct the trial court to hold an evidentiary hearing in regards to counsel's failure to develop and present evidence that would tend to establish statutory or nonstatutory mental mitigating circumstances. See Gorham v. State, 521 So.2d 1067 (Fla. 1988); Jones v. State, 446 So.2d 1059 (Fla. 1984). We further direct that the hearing on this issue be held within sixty days of the filing of this opinion.
Turning to the petition for habeas corpus, we find no relief warranted. Mills includes seven claims in his petition: 1) this Court decided wrongly on appeal the issue of Mills not being allowed to impeach his codefendant; 2) the override was improper; 3) appellate counsel was ineffective because Mills should have been resentenced based on Elledge v. State, 346 So.2d 998 (Fla. 1977); 4) the trial court erred in finding an automatic aggravating factor (felony murder); 5) the trial court erred in allowing gunshot residue test evidence; 6) the trial court impermissibly shifted to Mills the burden of proving life to be the proper penalty; and 7) consideration of victim impact evidence violated Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). Mills raised most of these issues on direct appeal or in his 3.850 motion; others should have been raised, if at all, on appeal. Habeas corpus is not to be used for additional appeals of issues that could have been, should have been, or were raised on appeal or in other postconviction motions. Suarez v. Dugger, 527 So.2d 190 (Fla. 1988); White v. Dugger, 511 So.2d 554 (Fla. 1987); Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987). Claims 1, 2, and 4 through 7 are, therefore, procedurally barred.
In Elledge this Court ordered a new sentencing proceeding because the state introduced evidence of and argued that Elledge had confessed to another murder that he had not been convicted of. No such impropriety occurred at Mills' trial. Elledge is factually distinguishable, and, even if appellate counsel had argued that case to us, it would not have affected our affirming Mills' conviction and sentence. Counsel, therefore, did not render ineffective assistance on appeal.
Therefore, we deny the petition for habeas corpus.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
McDONALD, J., concurs in part and dissents in part with an opinion.
BARKETT, Justice, concurring specially.
I concur but would also grant habeas relief.
McDONALD, Justice, concurring in part, dissenting in part.
I concur in denying the petition for habeas corpus. I dissent from granting any relief on the trial court's denial of the postconviction motion. Although I originally dissented to affirming Mills' sentence, I see no need to remand this case for an evidentiary hearing. Courts are encouraged to hold evidentiary hearings on postconviction motions, but, if such a motion "lacks any substantial factual allegations, or where the facts alleged, even if true, would not render the judgment vulnerable to collateral attack, the motion may be summarily denied." Steinhorst v. State, 498 So.2d 414, 414-15 (Fla. 1986); Porter v. State, 478 So.2d 33 (Fla. 1985). After reviewing the motion, I would hold that the trial court did not err in summarily denying relief.
To prevail on a claim of ineffectiveness, one must show both substandard performance and prejudice caused by that performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. at 2066. Taking all the *580 circumstances into account, the court must decide if "the identified acts or omissions were outside the wide range of professionally competent assistance." Id.
Mills has now tendered more information about his past than trial counsel presented. He overlooks the fact, however, that counsel presented a substantial amount of mitigating evidence and secured a jury recommendation of life imprisonment, a strong indication of counsel's effectiveness. Francis v. State, 529 So.2d 670 (Fla. 1988); Lusk v. State, 498 So.2d 902 (Fla. 1986), cert. denied, 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 517 (1987); Porter.
The majority feels that further inquiry is needed into whether counsel should have investigated his currently advanced claim of brain damage and mental deficiency with the aim of presenting more mitigating evidence. Through counsel's efforts, the jury learned of the disparate treatment of Mills and his codefendant, that Mills was holding down a job and that his employer thought well of him, that he had a harsh and deprived youth, and that he passed his G.E.D. tests. The evidence counsel presented at trial is, in my opinion, more useful and more compelling in mitigation than that he may be mentally impaired. Therefore, I see no reason for a hearing on this issue.
Mills' argument, in reality, is that the sheer quantity of material can make it more difficult for a judge to justify, and for this Court to affirm, overriding a jury's recommendation. Quantity, however, is not the same as quality. This Court fully considered, and affirmed, the override on appeal. The override sentence is the law of the case. Johnson v. Dugger, 523 So.2d 161 (Fla. 1988). The evidence presented by counsel made both the jury and judge well aware of who Mills was. The current speculation that giving them more of the same information would have altered the result is just that, mere speculation. I do not agree that counsel was ineffective for failing to persuade the judge to follow the jury's recommendation. Francis; Lusk; Porter.