581 So.2d 583 (1991)
Bobby Marion FRANCIS, Petitioner,
v.
Thomas L. BARTON, Etc., et al., Respondents.
Bobby Marion FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78068, 78074.
Supreme Court of Florida.
June 15, 1991.
Certiorari Denied June 25, 1991.
Billy H. Nolas and Julie D. Naylor, Ocala, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., Miami, for respondents/appellee.
Steven M. Goldstein, Tallahassee, amicus curiae for Volunteer Lawyers' Resource Center.
Certiorari Denied June 25, 1991. See 111 S.Ct. 2879.
PER CURIAM.
Francis, a prisoner under death warrant, petitions this Court for writ of habeas corpus, appeals the trial court's denial of his motion for postconviction relief, and requests a stay of his execution, currently scheduled for June 19, 1991. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.; Fla.R.Crim.P. 3.850. Because all of the issues raised in this successive postconviction petition and appeal from a successive postconviction motion are procedurally barred, we deny all relief.
We affirmed Francis' conviction of first-degree murder and sentence of death on direct appeal. Francis v. State, 473 So.2d 672 (Fla. 1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 908 (1986). After the governor signed Francis' first death *584 warrant, we denied his petition for writ of habeas corpus, Francis v. Dugger, 514 So.2d 1097 (Fla. 1987), and affirmed the trial court's denial of his first motion for postconviction relief. Francis v. State, 529 So.2d 670 (Fla. 1988). Following the signing of his second death warrant, the federal courts denied Francis' petition for writ of habeas corpus. Francis v. Dugger, 908 F.2d 696 (11th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1696, 114 L.Ed.2d 90 (1991). The governor recently signed Francis' third death warrant, prompting the filing of his second 3.850 motion with the trial court and his second habeas corpus petition with this Court.
In this second 3.850 motion Francis raised the following claims: 1) improper jury override; 2) the state knowingly presented misleading evidence concerning the witness elimination/disrupt or hinder governmental function or enforcement of law aggravating factor; 3) finding witness elimination in aggravation violated Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); and 4) trial counsel rendered ineffective assistance by failing to investigate and prepare for the penalty phase. The trial court correctly found these issues procedurally barred and denied relief without holding an evidentiary hearing.
Francis raised the first issue on direct appeal and in his prior state and federal habeas corpus petitions. Issues raised and disposed of on direct appeal are procedurally barred in postconviction proceedings. Francis, 529 So.2d at 672; Francis, 514 So.2d at 1097. The cases Francis now relies on, e.g., Parker v. Dugger, ___ U.S. ___, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991); Cochran v. State, 547 So.2d 928 (Fla. 1989); and Cheshire v. State, 568 So.2d 908 (Fla. 1990), are evolutionary refinements, rather than major constitutional changes, in the law and do not require retroactive application in postconviction proceedings. The issue of the jury override is, therefore, procedurally barred in this successive petition. E.g., Spaziano v. State, 570 So.2d 289 (Fla. 1990); Clark v. State, 569 So.2d 1263 (Fla. 1990); Bolender v. Dugger, 564 So.2d 1057 (Fla. 1990); Adams v. State, 543 So.2d 1244 (Fla. 1989); Booker v. State, 503 So.2d 888 (Fla. 1987); Christopher v. State, 489 So.2d 22 (Fla. 1986). We considered the propriety of finding witness elimination in aggravation on direct appeal, and using "a different argument to relitigate the same issue is inappropriate." Quince v. State, 477 So.2d 535, 536 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986). Therefore the second and third issues are procedurally barred. E.g., Spaziano; Clark; Adams; Booker. Francis raised the issue of ineffective assistance of counsel in his first 3.850 motion, and it is procedurally barred from consideration in this successive motion. E.g., Clark; Squires v. State, 565 So.2d 318 (Fla. 1990); Christopher. Moreover, Stevens v. State, 552 So.2d 1082 (Fla. 1989), is not a major change in the law which requires retroactive application.
In his habeas petition Francis raises three of the issues raised in his 3.850 petition, i.e., improper override, violation of Ashe v. Swenson, and ineffective assistance of counsel at the penalty phase. Habeas corpus is not to be used to relitigate issues considered in prior proceedings. E.g., Bolender; Mills v. Dugger, 559 So.2d 578 (Fla. 1990); Porter v. Dugger, 559 So.2d 201 (Fla. 1990); Johnson v. Dugger, 523 So.2d 161 (Fla. 1988). These issues are, therefore, procedurally barred. The inclusion in the Ashe v. Swenson issue of a paragraph alleging ineffective assistance of appellate counsel is unavailing. Bolender; Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987).
As a final issue, Francis alleges that the state violated State v. Neil, 457 So.2d 481 (Fla. 1984), and State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), by exercising peremptory challenges against black prospective jurors in a racially discriminatory manner and that appellate counsel rendered ineffective assistance for failing to raise this issue on appeal. This issue is procedurally barred because Francis has not raised it in a timely manner. *585 Neil became final in 1984, and, thus, this issue could and should have been raised in Francis' first round of postconviction filings. See Spaziano; Adams; see also McCleskey v. Zant, ___ U.S. ___, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Slappy is merely a refinement of Neil, not a major constitutional change in the law. That Francis now has new counsel who thought of raising this issue does not save it from the imposition of a procedural bar. Christopher.
Therefore, we deny the petition for writ of habeas corpus, affirm the trial court's denial of the motion for postconviction relief, and refuse to stay Francis' scheduled execution.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, specially concurring.
Every constitutional claim should be reviewed on the merits prior to final disposition of a death case. If counsel was negligent in failing to raise a constitutional claim during the direct appeal or during a subsequent collateral attack, a death-sentenced defendant should not be forced to suffer the consequences. Thus, because no court has ever considered the merits of Francis' claim under State v. Neil, 457 So.2d 481 (Fla. 1984), I would consider it on the merits. Neil was decided in 1984. Francis' direct appeal was decided in 1985, and thus was in the pipeline when Neil was issued. Accordingly, I would dispose of this claim on the merits and not on procedural bar.
I continue to adhere to the views expressed in my dissenting opinion in Francis v. State, 529 So.2d 670 (Fla. 1988) (Barkett, J., dissenting).
KOGAN, J., concurs.