606 So.2d 622 (1992)
Gregory MILLS, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 80124.
Supreme Court of Florida.
October 22, 1992.
Larry Helm Spalding, Capital Collateral Representative, Gail E. Anderson, Asst. CCR and Todd G. Scher, Staff Atty., Office of Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Gregory Mills, a prisoner on death row, petitions this Court for writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution. Because the issues raised are procedurally barred, we deny the petition.
*623 Mills has been before this Court several times: Mills v. State, 476 So.2d 172 (Fla. 1985) (direct appeal), cert. denied, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); Mills v. Dugger, 559 So.2d 578 (Fla. 1990) (habeas, postconviction); and Mills v. State, 603 So.2d 482 (Fla. 1992) (postconviction). He raises two issues in this petition: 1) in affirming the death sentence this Court performed an inadequate harmless error analysis; and 2) the felony-murder aggravator is an unconstitutional automatic aggravating circumstance in felony murders. This, however, is Mills' second petition for writ of habeas corpus.
Habeas corpus cannot "be used `for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been raised in' prior postconviction filings." Mills v. Dugger, 574 So.2d 63, 65 (Fla. 1990), quoting White v. Dugger, 511 So.2d 554, 555 (Fla. 1987). In an attempt to overcome this procedural bar Mills argues that Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), and Parker v. Dugger, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991), are major changes in the law that should be applied retroactively under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), to give relief in postconviction proceedings. We disagree.
We have previously held that Stringer and Parker do not meet the Witt requirements. Kennedy v. Singletary, 599 So.2d 991 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 3040, 120 L.Ed.2d 909 (1992); Routly v. State, 590 So.2d 397 (Fla. 1991). The United States Supreme Court remanded Sochor for our reconsideration because we had not made a plain statement that we found the error in Sochor's sentencing to be harmless. Sochor is not a change in the law that will save Mills' first claim from a procedural bar, and that claim is barred from consideration. Moreover, in affirming Mills' death sentence we stated: "Because there were no mitigating circumstances, we find that the court's erroneous finding of two statutory aggravating circumstances was harmless and did not impair the sentencing process." 476 So.2d at 179. We, therefore, applied, and applied correctly, a harmless error analysis in Mills' direct appeal. Cf. Barclay v. Florida, 463 U.S. 939, 958, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("the Florida Supreme Court does not apply its harmlesserror analysis in an automatic or mechanical fashion, but rather upholds death sentences on the basis of this analysis only when it actually finds that the error is harmless"); see White v. Dugger, 565 So.2d 700 (Fla. 1990).
Mills' second claim is also procedurally barred. We considered and rejected the substance of this claim on direct appeal. 476 So.2d at 178. Thus, we found the claim procedurally barred in Mills' first habeas corpus petition. 559 So.2d at 579. Again, Stringer is not a change in the law that warrants retroactive application, and Mills' second claim is procedurally barred.
We therefore deny the petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.