W. SHARP, Judge.
For a third time, and on basically the same grounds, Mack seeks to overturn his convictions and sentences in three criminal cases, to which he originally entered pleas of nolo contendere. In his direct appeal in this court Mack argued that he had not been properly informed of the consequences of his plea (for example, he would receive a 15 year minimum mandatory sentence as a habitual violent felony offender). This court affirmed without opinion. Mack v. State, 620 So.2d 776 (Fla. 5th DCA 1993). Then came Mack’s appeal from the denial of his motion filed pursuant to Florida Rule of Criminal procedure 3.850. He again raised ineffective assistance by trial counsel for failing to explain the habitual offender law to him prior to entering his plea, and error on the part of the trial judge by accepting the plea although he was aware Mack did not understand the consequences. This court affirmed without opinion. Mack v. State, 678 So.2d 352 (Fla. 5th DCA 1996).
In Mack’s petition for habeas corpus, which is currently filed with this court, Mack claims his appellate counsel was ineffective because:
1. Appellate counsel failed to argue that trial counsel misrepresented the term of incarceration petitioner would receive; •
2. Appellate counsel faded to argue that trial counsel failed to insure petitioner understood the consequences of a plea under habitual offender status;
3. Appellate counsel failed to argue petitioner’s entitlement to a sentencing guidelines scoresheet;
4. Appellate counsel failed to argue that trial counsel was deficient to the point of being ineffective, and that the trial court committed reversible error in failing to insure petitioner understood the consequences of his plea under habitual offender laws.
It is improper to raise in a habeas corpus proceeding matters which could have been, should have been, or actually were raised in prior post conviction filings.[1] Mack’s present *297 claims were raised both on direct appeal and on appeal of the defendant’s 3.850 motion, and this court twice before found them to be without merit. Framing the current claim in terms of ineffective appellate counsel makes Mack’s petition no less successive and improper.
Petition DENIED.
PETERSON, C.J., and THOMPSON, J., concur.

. Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990), citing White v. Dugger, 511 So.2d 554, 555 (Fla. *297 1987). See Clark v. Dugger, 559 So.2d 192, 193 (Fla. 1990); Mills v. Singletary, 606 So.2d 622, 623 (Fla. 1992); Steinhorst v. Singletary, 638 So.2d 33, 34 (Fla. 1994).