SHARP, W., J.
Hill appeals from an order denying his petition for a writ of error coram nobis. We affirm.
On April 18, 2000, Hill filed a petition claiming that both the trial court and his defense counsel failed to advise him of the consequences of having entered guilty pleas to criminal charges. Because he was not then in custody, he selected coram nobis as the proper vehicle to raise these issues.
However, in 1999, the Florida Supreme Court amended Florida Rule of Criminal Procedure 3.850 to provide that parties seeking post-conviction relief, whether in custody or not, should proceed under that rule. Wood v. State, 750 So.2d 592 (Fla.1999). Thus, Hill should have sought post-conviction relief pursuant to rule 3.850.[1]
Accordingly, we affirm the trial court’s denial of Hill’s petition for a writ of error *625 coram nobis, but without prejudice to seek relief pursuant to rule 3.850.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.

. Hill’s claims of ineffective assistance of counsel and the trial court’s failure to follow the proper plea procedure are generally raised under Florida Rule of Criminal Proce *625 dure 3.850. See, e.g., Mack v. State, 684 So.2d 296 (Fla. 5th DCA 1996); Turner v. State, 570 So.2d 1114 (Fla. 5th DCA 1990); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990).