# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-760

_____

RODERICK KENNETH WIMS,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.


September 29, 2021


PER CURIAM.

In 2012, the State charged Roderick Kenneth Wims by amended information with attempted premeditated murder in the first degree, along with three other felony offenses. At trial, on the murder count, the trial court instructed the jury on the lesser-included offense of attempted murder in the second degree. The jury returned a guilty verdict on that lesser-included offense, with a special finding that Wims possessed and discharged a firearm resulting in great bodily harm. As to the three other felony offenses, the jury returned a not guilty verdict on two counts and the trial court granted a judgment of acquittal on one count. The trial court adjudicated Wims guilty and sentenced him to life in prison. This Court affirmed the judgment and sentence on direct

appeal. *Wims v. State*, 130 So. 3d 232 (Fla. 1st DCA 2014) (unpublished table decision).

Now, nine years after his trial and seven years after his judgment and sentence became final, Wims petitions for a writ of habeas corpus. Wims alleges that the information filed against him in 2012 was fundamentally defective because it did not include all the elements of attempted second-degree murder. We dismiss the petition because "habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been, raised in rule 3.850 proceedings." *White v. Dugger*, 511 So. 2d 554, 555 (Fla. 1987); *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004).

This petition is Wims' sixth collateral attack on his judgment and sentence. He filed three petitions alleging ineffective assistance of appellate counsel: 1D14-4204, 1D14-5402, and 1D15-0889. This Court dismissed all three petitions, and warned Wims in the third case that future frivolous filings could result in sanctions, including a prohibition against future pro se filings in this Court. *See Wims v. State*, 148 So. 3d 524 (Fla. 1st DCA 2014) (Mem.); *Wims v. State*, 152 So. 3d 573 (Fla. 1st DCA 2014) (unpublished table decision); *Wims v. State*, 159 So. 3d 1001 (Fla. 1st DCA 2015) (Mem.) (including sanctions warning).

Wims appealed an order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 in 1D17-1794. This Court affirmed the trial court's order. *See Wims v. State*, 234 So. 3d 657 (Fla. 1st DCA 2017) (unpublished table decision). And before this habeas petition, Wims sought habeas relief in 1D19-2799. This Court dismissed the petition. *Wims v. State*, 289 So. 3d 988 (Fla. 1st DCA 2020) (Mem.).

These cases reveal a history of filing repetitious and frivolous postconviction petitions and appeals. Wims has not obtained relief in any of these cases, and his current petition is frivolous. Thus, pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), Wims shall show cause within twenty days of the date of this opinion why sanctions should not be imposed on him, including a prohibition on further pro se filings in this Court related to the judgment and sentence in Alachua County Circuit Court Case 2011-CF-4346-A,

and a referral of this matter to the Department of Corrections for disciplinary action under section 944.279, Florida Statutes (2020).

DISMISSED.

ROWE, C.J., and LEWIS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Roderick Kenneth Wims, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.