503 So.2d 1247 (1987)
STATE of Florida, Appellant,
v.
Bernard BOLENDER, Appellee.
No. 68174.
Supreme Court of Florida.
January 29, 1987.
Rehearing Denied April 8, 1987.
*1248 Robert A. Butterworth, Jr., Atty. Gen. and Richard E. Doran and Randi Klayman Lazarus, Asst. Attys. Gen., Miami, for appellant.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit and N. Joseph Durant, Jr., Asst. Public Defender, Miami, for appellee.
PER CURIAM.
The state appeals the trial court's granting of Bolender's motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We reverse and direct the trial court to deny Bolender's rule 3.850 motion.
This Court affirmed Bolender's convictions and four death sentences (imposed after the trial court overrode the jury's recommendation of life imprisonment) in 1982. Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). In January 1984 the governor signed a death warrant for Bolender, and Bolender filed a rule 3.850 motion for postconviction relief and requested a stay of execution. The motion alleged that Bolender's trial counsel rendered ineffective assistance by failing to subpoena a witness properly[1] and by failing to present evidence to mitigate Bolender's sentences. Judge Klein stayed the execution in order to hold an evidentiary hearing on the motion and denied the state's request to transfer the case to Bolender's original trial judge. Judge Klein held a hearing on the motion in December 1985, orally granted the motion, and vacated Bolender's death sentences. In January 1986 Judge Klein entered a written order, stating his intention to resentence Bolender to life imprisonment if his order is affirmed on this appeal.
At trial Bolender's counsel presented no mitigating evidence. Instead, he argued that Bolender should be treated no more harshly than his co-perpetrators, one of *1249 whom was found not competent to stand trial while the other received sentences of life imprisonment. That counsel's argument was effective to some degree is evidenced by the jury's recommendation that Bolender also be sentenced to life imprisonment. See Porter v. State, 478 So.2d 33, 35 (Fla. 1985). Bolender's current counsel, however, claims that trial counsel rendered ineffective assistance by failing to call Bolender's mother and sister to testify that he was a nice person who had helped support his family.
Both the mother and sister testified before Judge Klein as to Bolender's life some ten to twelve years prior to his commission of the murders for which he received his death sentences. Bolender's trial counsel also testified at the evidentiary hearing. He stated that he knew the mother and sister were willing to testify, but that, after checking on the trial judge's reputation, he concluded that such nebulous nonstatutory mitigating evidence would have had little effect on the judge. Therefore, he made the tactical decision that a proportionality argument would be the better strategy.
In granting the instant motion Judge Klein wrote:
The law of the State of Florida is that a death sentence may not be imposed when any evidence of mitigating circumstances is presented. Thus, it is this court's conclusion that had Defendant's counsel presented the testimony of Defendant's mother and sister, the trial court could not have imposed the death sentences. Counsel was therefore ineffective.
There are several problems with this statement. That the mere presentation of mitigating evidence precludes imposition of the death penalty is not and never has been a correct statement of this state's law. In determining if death is an appropriate penalty the sentencing judge must weigh any aggravating circumstances against any mitigating circumstances. State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). A trial court must allow the presentation of nonstatutory mitigating evidence, Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and, if introduced, must consider such evidence. Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Finding or not finding that a mitigating circumstance has been established and determining the weight to be given such, however, is within the trial court's discretion and will not be disturbed if supported by competent substantial evidence. Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985). That Judge Klein, in our opinion, incorrectly found that the original trial judge had abused his discretion and improperly substituted his judgment for that of the original trial judge[2] is beside the point because, first and foremost, Judge Klein did not apply the proper standard for deciding a claim of ineffective assistance of counsel.
To demonstrate ineffective assistance, it must be shown both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In assessing effectiveness "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. at 2066. To overcome this presumption of effectiveness specific instances of substandard performance must be identified. Then, taking all the circumstances into account, the court must decide if "the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Judge Klein did not follow this standard.
Bolender's current counsel identified specific omissions, i.e., the failure to have the mother and sister testify. The rest of the test for effectiveness, however, has not been met. Trial counsel testified *1250 that he made a strategic choice. Taking into account all the circumstances  the unlikelihood of this testimony impressing the trial judge, the state's ability to undermine these witnesses' testimony through cross-examination and rebuttal, and the disparate treatment afforded the co-perpetrators  trial counsel made a reasonable choice well within the wide range of professionally competent assistance. Strategic decisions do not constitute ineffective assistance if alternative courses of action have been considered and rejected. We hold that Bolender's rule 3.850 motion presented no legitimate claim for postconviction relief and that Judge Klein erred in declaring trial counsel ineffective and in vacating Bolender's death sentences.
Therefore, we reverse Judge Klein's order and direct him to reinstate these death sentences.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[1] The trial court found this claim to have no merit.
[2] A rule 3.850 proceeding may not be used to provide a second appeal. Straight v. State, 488 So.2d 530 (Fla. 1986). On appeal we found the trial court's imposition of the death penalty to have been proper. 422 So.2d at 837-38.