564 So.2d 1057 (1990)
Bernard BOLENDER, Petitioner,
v.
Richard L. DUGGER, Respondent.
Bernard BOLENDER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75631, 75665.
Supreme Court of Florida.
May 17, 1990.
Rehearing Denied September 4, 1990.
Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, and Julie D. Naylor and Gail E. Anderson, Asst. Staff Attys., Office of the *1058 Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., Miami, for respondent/appellee.
PER CURIAM.
Bernard Bolender, a prisoner for whom a second death warrant has been signed, petitions the Court for habeas corpus relief and appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We deny the petition, affirm the trial court's denial of relief, and dissolve our previously entered stay of execution.
On direct appeal we affirmed Bolender's convictions of first-degree murder and his four death sentences. Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). After Bolender's first death warrant was signed, the trial court stayed his execution and, eventually, improperly vacated the death sentences on Bolender's first motion for postconviction relief. We reversed that court's ruling and ordered reinstatement of the death sentences. State v. Bolender, 503 So.2d 1247 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 161 (1987). The governor recently signed Bolender's second death warrant, prompting the instant filings.
On February 12, 1990 the trial court denied the 3.850 motion, but allowed Bolender access to files on Paul Thompson, Bolender's codefendant who had been declared incompetent but who, apparently, had pled guilty to unspecified charges prior to that date. On March 9 the Court held another hearing on what Bolender had gleaned from Thompson's files and confirmed its earlier summary denial of relief. We stayed Bolender's execution the day before the warrant expired and set these cases for oral argument. After considering the issues presented, we find no relief warranted.
Bolender raised eleven issues in appealing the denial of his postconviction motion, only one of which merits discussion.[1] In that issue Bolender claims that the trial court refused to consider, and that trial counsel felt constrained in developing and presenting, nonstatutory mitigating evidence, thereby violating Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). In Hitchcock the Court ordered the state either to vacate Hitchcock's death sentence or to resentence him "in a proceeding that comports with the requirements of Lockett" v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). 481 U.S. at 399, 107 S.Ct. at 1825. A Hitchcock violation, therefore, is based on a Lockett violation.
The United States Supreme Court filed Lockett on July 3, 1978. On December 21, 1978 we filed our opinion on rehearing in Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), which brought Florida's capital sentencing into line with Lockett. Bolender's trial occurred in 1980, well after publication of Lockett and Songer. Trial counsel filed a motion to declare Florida's capital sentencing statute unconstitutional under Lockett, which the court denied. Moreover, in the findings of fact the trial judge specifically noted that he considered evidence of matters in addition to the statutory mitigating factors and that he found nothing that warranted a life sentence. All parties, including the judge, were well aware of Lockett, and there is no basis in the facts of this case to support the instant Hitchcock claim.[2]
*1059 Turning to the habeas petition, Bolender claims that his appellate counsel rendered ineffective assistance by not raising on appeal, or, alternatively, by not convincing this Court to vacate his death sentences regarding, the other nine issues in the petition: 1) the trial court improperly doubled up three pairs of aggravating factors by basing them on the same facts; 2) the avoid arrest and hinder law enforcement aggravating factors are applied overbroadly; 3) this Court's failure to remand for resentencing violated Elledge v. State, 346 So.2d 998 (Fla. 1977); 4) the trial court improperly overrode the jury's recommendation; 5) the trial court's instructions improperly directed a verdict for the state; 6) the cold, calculated, and premeditated aggravating factor is unconstitutionally vague; 7) the heinous, atrocious, and cruel aggravating factor is unconstitutionally vague; 8) the sentencing proceeding impermissibly shifted to Bolender the burden of showing death to be an inappropriate penalty; and 9) felony murder is an unconstitutional automatic aggravating circumstance.[3]
This Court fully considered the propriety of Bolender's sentences on direct appeal. Habeas corpus is not to be used to relitigate issues determined in a prior appeal. Porter v. Dugger, 559 So.2d 201 (Fla. 1990). Issues (1) through (4) and (6) through (9), therefore, are procedurally barred. Porter. Moreover, "an allegation of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). Bolender's attempt, in this petition's first issue, to overcome the procedural bar is unavailing.
Additionally, issues (6) through (9) have been rejected by this Court. E.g., Smith v. Dugger, 565 So.2d 1293 (Fla. 1990). Presenting these claims as instances of ineffective assistance of appellate counsel through the first issue is particularly unavailing because the cases primarily relied on, Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988), Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988), had not been decided at the time of direct appeal and are not such changes in the law under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), that the procedural bar should be lifted.
Thus, the only reasonably colorable claim of ineffective assistance presented in this petition is that the instructions improperly directed a verdict for the state and that counsel erred in not raising the issue on appeal. The court began its instructions by telling the jury that "[t]here is no argument but that a homicide did take place." Contrary to Bolender's contention, the court did not tell the jury that it had to find that Bolender committed the murders. The state established corpus delicti in this case, the quoted statement merely recited the obvious, and the instructions did not direct a verdict for the state. If this issue had been raised on direct appeal, it would have been found meritless. The failure to raise nonmeritorious issues is not ineffective assistance. Mills v. Dugger, 559 So.2d 578 (Fla. 1990); King v. Dugger, 555 So.2d 355 (Fla. 1990).
We therefore deny the petition for writ of habeas corpus, affirm the trial court's denial of relief, and dissolve the stay previously entered by this Court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The other issues were raised on appeal or in Bolender's first postconviction motion or could and should have been raised before now. The following issues are, therefore, procedurally barred: 1) ineffective assistance (two claims); 2) improper override; 3) cold, calculated instruction unconstitutional; 4) heinous, atrocious instruction unconstitutional; 5) burden on defendant to show life to be proper penalty; 6) automatic aggravating factor; 7) Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), violation; 8) reasonable doubt instruction; and 9) original postconviction counsel's effectiveness.
[2] The jury recommendation of life rendered any Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), error in the instructions harmless.
[3] Bolender also raised issues (4) and (6) through (9) in his Fla. R.Cr.P. 3.850 motion.