658 So.2d 82 (1995)
Bernard BOLENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 86020.
Supreme Court of Florida.
July 11, 1995.
Certiorari Denied July 17, 1995.
Mark Evan Olive and Anne Faith Jacobs of Volunteer Lawyers' Post-Conviction Defender Organization, Inc., Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Fariba N. Komeily, Asst. Atty. Gen., Miami, for appellee.
Certiorari Denied July 17, 1995. See 116 S.Ct. 12.
PER CURIAM.
Bernard Bolender, a prisoner on death row, appeals the trial court's denial of his third motion for postconviction relief and request for a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the trial court's ruling.
A jury convicted Bolender of four counts of first-degree murder.[1] The facts of the murders are set forth in Bolender v. State, 422 So.2d 833 *83 (Fla. 1982) (Bolender I), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). The jury unanimously recommended life imprisonment, but the trial judge imposed the death penalty upon finding no mitigators and all but one statutory aggravator. Id. at 835. On appeal, this Court concluded that the trial court erroneously applied two statutory aggravators. Id. at 837-38. We held, however, that our disapproval of the aggravators did not require reversal in light of the absence of any mitigating evidence and thus affirmed Bolender's convictions and sentences. Id. at 838.[2]
In August 1983, Bolender filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel.[3] The Governor subsequently signed Bolender's first death warrant on January 31, 1984. The trial judge presiding over Bolender's first postconviction motion then granted a stay of execution in order to hold a hearing on the motion. The hearing took place in December 1985, and the trial judge later entered a written order granting Bolender's motion and vacating his death sentences on the grounds that counsel was ineffective for failing to present mitigating evidence during the penalty phase of Bolender's trial. The trial judge resentenced Bolender to life imprisonment provided such sentence was affirmed on appeal.
The State appealed the order vacating the death sentences to this Court. We determined that the trial judge did not apply the proper standard in finding ineffective assistance of counsel. State v. Bolender, 503 So.2d 1247, 1249 (Fla. 1987) (Bolender II), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 161 (1987). Applying the proper standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we concluded that because trial counsel's decision not to present mitigating evidence during the sentencing hearing was a tactical one, the decision was not constitutional error. Bolender II, 503 So.2d at 1249-50. We therefore reversed the trial court's order and directed the trial court to reinstate the death sentences. Id. at 1250. The trial court thereafter enforced this Court's mandate, and we dismissed Bolender's appeal from the reinstatement in Bolender v. State, 541 So.2d 1172 (Fla. 1989).
In April 1989, Bolender filed a second motion for postconviction relief, which was followed by a second death warrant signed in January 1990. The trial court denied the 3.850 motion on February 12, 1990. However, in response to Bolender's claim that the State violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding material exculpatory evidence, the court gave Bolender access to the State's files, including the file of codefendant Thompson, who had been declared incompetent.
Bolender then appealed the denial of the 3.850 motion to this Court. Bolender v. Dugger, 564 So.2d 1057 (Fla. 1990) (Bolender III).[4] On March 5, 1990, he also filed an *84 application for a stay of execution and a writ of habeas corpus with this Court.[5] On March 8, 1990, we granted a temporary stay of execution, and on March 9, 1990, we issued an order granting an indefinite stay and setting Bolender's cases for oral argument. On the same day we granted the indefinite stay, the trial court held another hearing regarding the information Bolender obtained from the State's files and again denied relief. We then heard oral argument on April 4, 1990, and denied Bolender's petition for habeas, affirmed the trial court's denial of relief, and dissolved the stay we had previously entered. Id. at 1059.
The Governor signed a third death warrant in September 1990, and Bolender filed a petition for habeas corpus in the United States District Court for the Southern District of Florida on October 1, 1990, several days before the scheduled execution. The district court granted a stay of execution to address the matters presented in the petition.[6]Bolender v. Dugger, 757 F. Supp. 1400, 1406 (S.D.Fla. 1991). After two days of nonevidentiary hearings, the district court found all the issues raised to be without merit, denied relief, and dissolved the stay. Id. at 1411. The court, however, granted Bolender leave to appeal the denial. Id.
On appeal to the Eleventh Circuit, Bolender raised five claims previously rejected by the federal district court[7] and challenged the district court's refusal to conduct an evidentiary hearing. Bolender v. Singletary, 16 F.3d 1547 (11th Cir.1994), cert denied, ___ U.S. ___, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994). The circuit court wrote an extensive review of the procedural history in this case as well as the issues presented and determined. In that review, the court then denied Bolender's request for an evidentiary hearing and found the remaining claims to be procedurally barred or without merit.
On May 24, 1995, the Governor signed Bolender's fourth death warrant, which gave rise to the current proceedings. Bolender filed a third rule 3.850 motion in the trial court, and the court considered and, after argument of counsel, denied the motion. In his appeal to this Court from the denial of this postconviction motion, Bolender raises *85 ten issues: (1) had the State not misrepresented to the court that codefendant Joe Macker passed a polygraph examination, Bolender would not have been convicted and sentenced to death; (2) newly discovered evidence demonstrates that the State knew of but suppressed evidence of codefendant Macker's allegedly sordid criminal history; (3) newly discovered evidence reveals that the State knew of but suppressed evidence of Mrs. Dianne Macker's illegal activities and questionable credibility; (4) newly discovered evidence reveals that Macker's plea bargain condition that he procure the cooperation of various witnesses for the State violates due process; (5) newly discovered evidence reveals that Macker confessed to and framed Bolender for the murders; (6) newly discovered evidence reveals that the State failed to disclose that Macker was an informant and that the State set up the drug deal which led to the January 8, 1980 murders at Macker's house; (7) an evidentiary hearing is necessary in this case; (8) ineffective assistance of trial counsel; (9) the State interfered with the defense's ability to obtain exculpatory testimony in violation of Brady; and (10) the trial judge was predisposed to impose the death sentence.
Bolender was required under rule 3.850 to request postconviction relief by January 1, 1987, as his conviction and sentence became final prior to January 1, 1985. To avoid the effect of this limitation on the basis of newly discovered evidence, Bolender must demonstrate as a threshold requirement that his motion for relief was filed within two years of the time when evidence upon which avoidance of the time limit was based could have been discovered through the exercise of due diligence. See Porter v. State, 653 So.2d 374 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 1816, 131 L.Ed.2d 739 (1995); Adams v. State, 543 So.2d 1244, 1247 (Fla. 1989).
Bolender's issues 1 through 6 are all based on newly discovered evidence. We conclude Bolender has failed to meet the threshold requirement for newly discovered evidence. The facts upon which Bolender relies could have been obtained through the use of due diligence more than two years prior to the filing of this motion. The issues therefore are procedurally barred.
With regard to claim 7, we find that the trial court properly concluded that an evidentiary hearing was unnecessary. The motion and resulting record demonstrate and we agree that all the issues were procedurally barred and that relief was thus not warranted. See Lopez v. Singletary, 634 So.2d 1054, 1056 (Fla. 1990).
We find that claim 8 is procedurally barred as Bolender raised this issue in his prior postconviction motions. The issue was then extensively discussed in the opinions of this Court as well as the federal courts. Nothing which is now raised is based upon any assertion which has not been previously made and enveloped within prior decisions on this issue.
Claim 9 is likewise procedurally barred because Bolender raised this issue in his second motion for postconviction relief. After filing the second motion and receiving the files requested from the State, counsel subsequently admitted that no meritorious Brady claim existed. In addition, Bolender fails to demonstrate why through the use of due diligence he could not have procured the testimony of Macker and Thompson prior to this third motion for postconviction relief. Thompson was available for questioning subsequent to the filing of his plea in 1990, and thus Bolender had two years from that date to file his postconviction motion. See Adams, 543 So.2d at 1247. Bolender also could have requested Macker's testimony within the time limit set by rule 3.850. His claim is therefore untimely as well as successive.
Claim 10 is also procedurally barred. The issue of the judge's override of the jury's recommendation has been thoroughly reviewed and decided in our decisions and the decisions of the federal courts. In his current 3.850 motion and his brief to this Court, Bolender does not point to any matter which was not encompassed within that consideration.
Accordingly, we approve the trial court's dismissal of Bolender's 3.850 motion. The execution of Bernard Bolender scheduled for *86 Wednesday, July 12, 1995, is temporarily stayed until 7:00 a.m., Friday, July 14, 1995, to allow Bolender to seek relief in federal court.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
SHAW, KOGAN and ANSTEAD, JJ., concur in result only.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[1] Bolender was also convicted of four counts of kidnapping and four counts of armed robbery.
[2] Bolender also raised the following issues on appeal: (1) whether the trial court erred in denying the defendant's petition for writ of habeas corpus ad testificandum to secure the attendance of codefendant Paul Thompson as a witness at trial; (2) whether the trial court erred in refusing to permit a defense witness to be recalled to testify through an interpreter; and (3) whether the trial judge erred in overriding the jury's recommendation of life imprisonment. We rejected each of these claims in affirming Bolender's convictions and sentences.
[3] Specifically, Bolender challenged his attorney's failure to subpoena codefendant Thompson properly and the attorney's decision not to present mitigating evidence in the penalty phase. The trial court summarily denied the first of these claims.
[4] Bolender raised eleven issues in appealing the denial of his second 3.850 motion: 1) Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), violation; (2) ineffective assistance of counsel at both the guilt and sentencing phases of his trial; (3) improper jury override; (4) cold, calculated, and premeditated instruction was unconstitutional; (5) heinous, atrocious, or cruel instruction was unconstitutional; (6) penalty phase instructions placed burden on defendant to show that life was proper penalty; (7) automatic aggravating factor; (8) Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), violation; (9) improper instruction on reasonable doubt; and (10) ineffective assistance of original postconviction counsel. Bolender III, 564 So.2d at 1058. Bolender did not appeal to this Court the Brady claim raised in his 3.850 motion because his counsel conceded after reviewing the State's files that no meritorious Brady claim existed.
[5] In his habeas petition Bolender claimed that his appellate counsel rendered ineffective assistance of counsel by not raising on appeal or, alternatively, by not convincing this Court to vacate his death sentences based upon the following issues which were also raised in the petition: (1) the trial court improperly doubled up three pairs of aggravators; (2) the avoiding arrest and hindering law enforcement aggravators were applied overbroadly; (3) this Court failed to remand for resentencing in compliance with Elledge v. State, 346 So.2d 998 (Fla. 1977); (4) improper jury override; (5) trial court's instructions at the guilt phase improperly directed a verdict for the State; (6) the cold, calculated, and premeditated instruction was unconstitutional; (7) the heinous, atrocious, or cruel aggravator was unconstitutional; (8) the sentencing procedure shifted the burden to defendant to show death was an inappropriate penalty; and (9) felony murder is an unconstitutional automatic aggravating circumstance. Bolender III, 564 So.2d at 1059.
[6] Bolender made the following claims in his habeas petition: (1) Hitchcock violation; (2) ineffective assistance of counsel at sentencing phase; (3) erroneous jury instruction in the guilt phase; (4) error in denying petition for habeas corpus ad testificandum; (5) ineffective trial counsel; (6) ineffective appellate counsel; (7) improper doubling of aggravators; (8) failure to remand upon finding that trial court improperly considered two aggravators; (9) improper jury override; (10) Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), violation with regard to the "cold, calculated, and premeditated" and the "heinous, atrocious, or cruel" aggravators; (11) improper shift of burden to establish mitigation; (12) automatic finding of a statutory aggravating circumstance; (13) consideration of nonrecord sentencing reports; (14) improper jury instructions on the State's burden of proof; and (15) ineffective assistance of counsel in collateral proceedings.
[7] The issues raised on appeal were: (1) ineffective assistance of counsel at sentencing phase; (2) Hitchcock violation; (3) constitutional deficiencies in this Court's review of the case including this Court's failure to remand upon finding that trial court improperly considered two aggravators, failure to apply limiting constructions to certain broadly worded aggravating circumstances, failure to recognize improper doubling of aggravators, and failure to recognize improper jury override; (4) error in denying petition for habeas corpus ad testificandum; and (5) jury instructions improperly directed a verdict for the State, and appellate counsel was ineffective for failing to raise this issue on appeal.