United States Court of Appeals,

Eleventh Circuit.

No. 95-4876.

Bernard BOLENDER, Petitioner-Appellant,

v.

Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent-Appellee.

July 17, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-1484-CIV), Federico A. Moreno, Judge.

Before TJOFLAT, Chief Judge, COX and DUBINA, Circuit Judges.

BY THE COURT:

Petitioner Bernard Bolender is a Florida death row inmate; his execution is scheduled for tomorrow morning, Tuesday, July 18, 1995, at 7 o'clock. Earlier today the district court denied Bolender's second petition for habeas corpus relief and his application for a certificate of probable cause to appeal. The district court also denied Bolender's application for a stay of his execution.

Petitioner has now applied to this court for a certificate of probable cause to appeal and for a stay of his execution. We deny the certificate. Because we anticipate that the petitioner will apply to the Supreme Court for a writ of certiorari, we stay petitioner's execution until 10:00 a.m. tomorrow, July 18, 1995, to give the Court an opportunity to consider petitioner's application. Any stay beyond that shall issue from the Supreme Court.

The claims the district court has dismissed were first included (in their present form) in a motion petitioner filed

pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in the Circuit Court of Dade County on June 8, 1995. That court rejected the claims because they were procedurally barred; accordingly, the court did not reach any of petitioner's claims on the merits. The Supreme Court of Florida affirmed, *Bolender v. Florida,* No. 86,020, --- So.2d ---- (Fla. July 11, 1995), agreeing that Bolender's claims were procedurally barred. Claims 1 through 6 were barred because "[t]he facts upon which Bolender relies could have been obtained through the use of due diligence more than two years prior to the filing of this motion." Claim 7, seeking an evidentiary hearing on all claims, was rejected because the record demonstrated conclusively that all of Bolender's claims were procedurally barred. Claim 8, claiming ineffective assistance of counsel, was barred as a successive claim (having been raised in a prior Rule 3.850 motion). Claim 9, a *Brady* claim that Bolender had pursued and effectively abandoned in a prior Rule 3.850 petition, was barred because it constituted a "successive" petition and, further, was untimely. Claim 10, asserting the sentencing judge's predisposition to impose the death penalty, was procedurally barred as not cognizable in Rule 3.850 proceeding; the claim was disposed of on direct appeal. *Id.* slip op. at 8-10, --- So.2d at ----.

The district court properly concluded that all of the claims presented in Bolender's petition are procedurally barred under Florida law. The district court also properly concluded that, aside from the state procedural bars, the claims constitute a "successive petition" or an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States

District Courts.  Petitioner's claims are successive to the extent that they replicate claims brought in his 1990 federal petition, and they constitute an abuse of the writ because petitioner has shown no cause for not asserting his claims in his first federal habeas petition.

Finally, we agree with the district court that petitioner has not demonstrated his "actual innocence" of the murders involved in this case.

For the foregoing reasons, petitioner's application for a certificate of probable cause is DENIED.  His execution is stayed until 10:00 a.m., Tuesday, July 18, 1995.

Our mandate shall issue at 5:00 p.m. EDT today.  The filing of a petition for rehearing or rehearing en banc shall not stay the issuance of the mandate.

IT IS SO ORDERED.