PER CURIAM.
Bernard Bolender appeals the trial court’s denial of his fourth motion for postconviction relief and requests a stay of execution from this Court. We have jurisdiction. Art. V, § 3(b)(1). We affirm the trial court’s ruling and deny Bolender’s request for a stay from his execution, which is scheduled to occur tomorrow, July 18, 1995, at 10:05 a.m.
The procedural history of this ease is set forth in our opinion released July 11,1995, in which we approved the trial court’s dismissal of Bolender’s third motion for postconviction relief, and issued a temporary stay to allow Bolender to seek relief in federal court. Bolender v. State, 658 So.2d 82 (Fla.1995). This morning, Bolender filed a fourth postconviction motion in the trial court and an application for a stay of execution in this Court. The motion and application for stay contain affidavits of inmates who have come forth since July 11, 1995, and claim that Macker told them versions of the murder which are in conflict with Maeker’s trial testimony. Relying on Johnson v. Singletary, 647 So.2d 106 (Fla.1994), and Jones v. State, 591 So.2d 911 (Fla.1991), Bolender claims that this testimony constitutes newly discovered evidence requiring an evidentiary hearing.
We have considered the motion and application for stay and have determined that the evidence contained within the affidavits is insufficient for us to conclude that further proceedings would probably produce a different result. See Jones, 591 So.2d at 915-16. Accordingly, we affirm the trial court’s denial of Bolender’s fourth motion for posteonvietion relief and deny the application for stay of execution.
It is so ordered.
NO MOTION FOR REHEARING WILL BE ALLOWED.
GRIMES, C.J., and SHAW, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents.