943 So.2d 1022 (2006)
Johnny James TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2271.
District Court of Appeal of Florida, Second District.
December 20, 2006.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
PER CURIAM.
This case is before the court on remand from the Supreme Court of Florida, which vacated this court's opinion and remanded for reconsideration. See Turner v. State, 940 So.2d 1110 (Fla.2006).
Johnny Turner appeals the summary denial of his motion for postconviction relief filed in 2003 pursuant to Florida Rule of *1023 Criminal Procedure 3.850. For the reasons expressed below, we affirm.
Turner was convicted after a jury trial of both sale of cocaine and possession of cocaine with the intent to sell or deliver. These convictions were affirmed on direct appeal and became final upon the issuance of this court's mandate on November 4, 1992. See Turner v. State, 606 So.2d 1178 (Fla. 2d DCA 1992) (table decision).
Turner asserts that, pursuant to case law decided after his convictions became final, he is entitled to claim that fundamental error occurred when the jury was not given an instruction requiring Turner to have had knowledge that the substance sold or possessed was cocaine. The Florida Supreme Court in Chicone v. State, 684 So.2d 736 (Fla.1996), mandated for the first time that such an instruction be given for sale or possession cases in addition to the standard jury instructions for such offenses.
This court can find no opinion of the Florida Supreme Court applying Chicone retroactively on collateral review to convictions which became final before the issuance of the mandate for the Chicone opinion on December 10, 1996. In Reed v. State, 837 So.2d 366, 370 (Fla.2002), the supreme court held that the Reed opinion, which identified as fundamental error an erroneous standard jury instruction for aggravated child abuse, was not to be applied retroactively to convictions which had already become final.
Assuming that Chicone could be retroactively applied, Turner had to file a Chicone claim by December 10, 1998. See Bolender v. State, 658 So.2d 82, 85 (Fla.1995). Therefore, his motion filed January 23, 2003, was untimely.
Affirmed.
STRINGER,[1] DAVIS, and VILLANTI, JJ., Concur.
NOTES
[1] Judge Stringer has been substituted for Judge Covington, who was on the original Turner panel.