VILLANTI, Judge.
Kevin Lee Burns challenges the summary denial of his postconviction motion for extraordinary relief. Because the motion presented claims involving allegedly newly discovered evidence, the postconviction court properly considered it pursuant to Florida Rule of Criminal Procedure 3.850.[1] However, because Burns failed to allege a facially sufficient claim, the post-conviction court should have stricken the motion and allowed him an opportunity to amend.
A claim of newly discovered evidence must be filed within two years from the date the evidence could have been discovered with the exercise of due diligence. Fla. R. Crim. P. 3.850(b)(1); see Bolender v. State, 658 So.2d 82, 85 (Fla. *97 1995). Therefore, as a threshold requirement, Burns had to not only allege but also demonstrate that his motion was filed within two years from the date that the evidence could have been discovered. See Bolender, 658 So.2d at 85. Burns failed to make the required allegations. As the postconviction court found, Burns gave no indication when or how he discovered the evidence or why it could not have been discovered sooner. Furthermore, Burns failed to allege that withdrawal of the plea was necessary to correct a manifest injustice. See Bradford v. State, 869 So.2d 28, 29 (Fla. 2d DCA 2004) (holding that Bradford’s rule 3.850 claim of newly discovered evidence was facially insufficient where he failed to allege that withdrawal of the plea was necessary to correct a manifest injustice). Thus, Burns’ claims were facially insufficient.
Based on this facial insufficiency, the postconviction court denied Burns’ motion. However, when claims in a postcon-viction motion are facially insufficient, the postconviction court should strike them with leave to amend[2] within a reasonable time rather than denying the motion. See Spera v. State, 971 So.2d 754, 761 (Fla.2007). Accordingly, we reverse and remand for the postconviction court to strike Burns’ newly discovered evidence claims and provide him with a reasonable time to amend them.
Reversed and remanded.
LaROSE and CRENSHAW, JJ., Concur.

. Burns filed his claim pursuant to Florida Rule of Juvenile Procedure 8.140. However, his juvenile cases were transferred to circuit court, and he pleaded to an overall sentence as a youthful offender to six years’ prison suspended in lieu of six years’ probation. The claims raised in the motion were not cognizable under rule 8.140.

. If Bums can in good faith file an amended motion, he must provide factual specifics to support any allegation that the claims were raised within two years from the date the evidence could have been discovered with the use of due diligence. He must also allege facts in support of any allegation that it would be a manifest injustice not to allow him to withdraw his plea.