NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |  |
|---|---|---|---|
| HAROLD BLAKE, | ) | | |
| | ) | | |
| Appellant, | ) | | |
| | ) | | |
| v. | ) | | Case Nos. 2D13-2503 |
| | ) | | 2D14-3410 |
| STATE OF FLORIDA, | ) | | |
| | ) | | CONSOLIDATED |
| Appellee. | ) | | |
| | ) | | |
| _____ | ) | | |

Opinion filed November 19, 2014.

Appeals pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Catherine L. Combee,
Judge.

Linda McDermott of McClain & McDermott,
P.A., Estero, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

Harold Blake appeals the orders summarily denying two motions for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850 in the same

circuit court case. We consolidate the cases only for purposes of this opinion.

In case number 2D13-2503, Mr. Blake seeks review of the denial of his motion that contained three grounds. We affirm the denial of grounds one and two without comment, but we reverse the denial of ground three and remand for the postconviction court to afford Mr. Blake an opportunity to amend his claims of newly discovered evidence.

Mr. Blake was charged with first-degree murder and attempted armed robbery with a firearm for events that occurred on August 1, 2002. His first two trials ended in mistrials, and he was found guilty as charged by a jury at his third trial. The trial court sentenced him to terms of life and fifteen years in prison. Mr. Blake appealed his convictions and sentences, and this court affirmed without written opinion. Blake v. State, 950 So. 2d 419 (Fla. 2d DCA 2007) (table decision).[1]

On April 6, 2012, Mr. Blake filed a motion under rule 3.850, alleging in ground three that newly discovered evidence established that his convictions and sentences violate the Eighth and Fourteenth Amendments to the United States Constitution. Primarily, he claims that several witnesses admit that they lied at his trial. Mr. Blake's motion alleges that Mr. Preston, who testified at the trial that Mr. Blake

---

[1]Mr. Blake was also convicted of another murder that occurred on August 12, 2002. In that case, he was sentenced to death. His judgment and sentence were affirmed on appeal. See Blake v. State, 972 So. 2d 839 (Fla. 2007). The case that is currently before this court concerning the August 1 murder was apparently used as an aggravator in the sentencing phase of that case. There is an overlap of witnesses in the two cases. The postconviction proceedings in this case and the death penalty case have been handled by two different circuit court judges. We do not know from our record whether the proceedings in the other case involved claims similar to the claims we address today.

confessed to shooting the victim, now claims that his testimony was false. Likewise, Mr. Blake alleges that another significant witness, Mr. Jones, now claims that his testimony at the trial was false. Mr. Blake further alleges that the substance of Mr. Jones' admissions casts substantial doubt on the veracity of Richard Green,[2] the cofelon who placed Mr. Blake at the scene of the crimes in this case. Finally, Mr. Blake alleges that Ms. Watson admitted that she lied to the police about overhearing his confession to Mr. Preston and also that the State failed to disclose evidence that revealed Ms. Watson's statements were false.

The postconviction court denied Mr. Blake's motion as untimely, which is a correct ruling for the first two claims. But the court did not acknowledge or address Mr. Blake's claims of newly discovered evidence. A claim of newly discovered evidence can be an exception to the two-year time limitation in rule 3.850(b). Fla. R. Crim. P. 3.850(b)(1). If the postconviction court had addressed Mr. Blake's claims of newly discovered evidence, we conclude that the court would have been required to strike the claims as insufficiently pleaded.

This court has explained that because rule 3.850(b) requires a claim of newly discovered evidence to be filed within two years from the date the evidence could have been discovered with the exercise of due diligence, a defendant must "not only allege but also demonstrate that his motion was filed within two years from the date that

---

[2]Mr. Green was convicted of first-degree murder, attempted robbery with a firearm, and grand theft of an automobile for his role in the August 12, 2002, murder referenced in footnote 1. This court affirmed his judgments and sentences in case number 2D05-273, and Mr. Green is serving a life sentence. Green v. State, 954 So. 2d 33 (Fla. 2d DCA 2007) (table decision).

the evidence could have been discovered." Burns v. State, 110 So. 3d 96, 97 (Fla. 2d DCA 2013). In his motion, Mr. Blake did not allege when or how he learned of the newly discovered facts. In that respect, his claims were insufficiently pleaded.

When claims in a postconviction motion are facially insufficient, the postconviction court should strike the claims with leave to amend within a reasonable time. See Burns, 110 So. 3d at 97; Fletcher v. State, 53 So. 3d 1249, 1252 (Fla. 4th DCA 2011) (holding Spera v. State, 971 So. 2d 754, 761 (Fla. 2007), applies to insufficiently pleaded claims of newly discovered evidence); see also Davis v. State, 26 So. 3d 519, 527 (Fla. 2009) (extending Spera to successive postconviction motions raising claims of newly discovered evidence under rule 3.851(e)(2)(C)).[3] Accordingly, we reverse the portion of the postconviction court's order that summarily denied ground three of Mr. Blake's motion and remand for the postconviction court to strike ground three and provide Mr. Blake with sixty days to amend.

## Case No. 2D14-3410

In case number 2D14-3410, Mr. Blake appeals the denial of a second motion that raised claims of newly discovered evidence based on the testimony of Mr. Jones and Mr. Preston at the evidentiary hearing in his death penalty case. The trial

---

[3]The postconviction court issued its order in this case before the effective date of the 2013 amendments to rule 3.850. The 2013 amendments to rule 3.850(d) were intended to codify existing case law and address the different options that the postconviction court has when considering a motion under this rule. See In re Amendments to Florida Rules of Criminal Procedure & Florida Rules of Appellate Procedure, 132 So. 3d 734, 738 (Fla. 2013). The current rule does not expressly address a situation such as this, where the facial insufficiency precludes the postconviction court from determining whether the motion is timely, but treating such a motion as a timely but insufficient motion under rule 3.850(f)(2) would effectuate the intent of the amendment.

court dismissed that motion due to the pending appeal in case number 2D13-2503. Although it may have been correct for the trial court to dismiss or stay proceedings on this motion, given the relief we grant in case number 2D13-2503, the issues raised in this appeal are now moot. Accordingly, we dismiss this appeal, recognizing that Mr. Blake's counsel is authorized on remand to file an amended claim of newly discovered evidence.

Case number 2D13-2503 is affirmed in part, reversed in part, and remanded; case number 2D14-3410 is dismissed.

ALTENBERND, KHOUZAM, and BLACK, JJ., Concur.