[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15943
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81300-DMM

RICHARD S. BUTTON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2017)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Richard Button, a Florida prisoner serving a life sentence for first-degree murder and robbery with a deadly weapon, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely.  We granted a certificate of

appealability ("COA") on the following issue: "Whether Button's May 25, 2013, motion for post-conviction relief under Fla. R. Crim. P. 3.850 was properly filed such that it tolled the time to file his 28 U.S.C. § 2254 petition for a writ of habeas corpus, rendering the petition timely?" The Rule 3.850 motion, filed in May 2013 ("May 2013 motion"), was filed about 11 years after judgment became final in June 2002. It was based on new evidence in the form of recanted testimony, but Button did not explain how or when he discovered the new evidence, and did not include an affidavit from the recanting witness.[1] He filed an amended petition in 2014, but again did not explain how or when he discovered the new evidence, and did not include an affidavit. In this appeal, Button: (1) argues that the May 2013 motion tolled the time because it was properly filed; and (2) requests appointment of counsel on appeal. After careful review, we affirm and deny his request.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Laws and rules governing filings include those prescribing

---

[1] Although Button argues on appeal that his May 2013 petition asserted that he learned of the new evidence in 2012, it is clear from the documents filed by both parties in the district court that the petition did not include any information like this when it was filed in state court.

the forms to be used, time limits, the court and office for filing, filing fees, and other preconditions imposed on filers.  Id.  A post-conviction petition that is dismissed as untimely under state law is not "properly filed," and thus, does not toll the statute of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Webster v. Moore, 199 F.3d 1256, 1258-59 (11th Cir. 2000).

When a state court has not addressed the timeliness of a petition, we must examine the delay in each case and determine what the state courts would have held in respect to timeliness.  Evans v. Chavis, 546 U.S. 189, 197-98 (2006). Under Florida law, Rule 3.850(b)(1) provides that no motion shall be considered pursuant to the rule if filed more than two years after the judgment and sentence became final, unless the motion alleges that the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and that the claim is made within two years of the time the new facts were or could have been discovered. Fla. R. Crim. P. 3.850(b)(1).  If the defendant files a newly discovered evidence claim based on recanted trial testimony, he shall include an affidavit from that person as an attachment to the motion or an explanation why the required affidavit could not be obtained.  Fla. R. Crim. P. 3.850(c).

As a threshold requirement, a movant must allege that the Rule 3.850 motion has been filed within two years from the date that the evidence was discovered, and

3

that the evidence could not have been discovered earlier with the exercise of due diligence. Bolender v. State, 658 So. 2d 82, 85 (Fla. 1995). Where these threshold requirements are not alleged or demonstrated, a motion filed after the two-year period may be dismissed as untimely. See Swafford v. State, 828 So. 2d 966, 976-978 (Fla. 2002).

In this case, the district court did not err in determining that Button's § 2254 petition was untimely filed since his May 2013 motion did not toll his time in which to file his § 2254 petition. See Nyland, 216 F.3d at 1266; 28 U.S.C. § 2244(d)(1)(A), (2). Although the state court did not expressly dismiss the motion due to timeliness, we may examine the timeliness of the May 2013 motion, and we determine that the motion was untimely. See Evans, 546 U.S. at 197-98. As the record reveals, the May 2013 motion was filed more than two years after the judgment and sentence became final. See Fla. R. Crim. P. 3.850(b)(1). Under Florida law, Button did not meet the threshold requirement to show that the motion met the exception to timeliness -- that is, he did not show that the motion was filed within two years of the discovery of the new evidence, and that the evidence could not have been discovered sooner through the exercise of due diligence. See Bolender, 658 So. 2d at 85. Furthermore, the May 2013 motion and the amended motion did not include affidavits, as required by Fla. R. Crim. P. 3.850(c).

Because the May 2013 motion did not comply with the applicable rules, it was untimely and not properly filed.  See Artuz, 531 U.S.at 8; Swafford, 828 So. 2d at 976 978; Pace, 544 U.S. at 417; Webster, 199 F.3d at 1258-59; Fla. R. Crim. P. 3.850.  A motion that is not properly filed does not toll the statute of limitations. See Pace, 544 U.S. at 417; Webster, 199 F.3d at 1258-59.  Accordingly, the May 2013 motion did not toll the time in which to file Button's § 2254 petition, and the petition was untimely.  Because the petition was untimely, we affirm, and deny Button's request for appointment of counsel.

**AFFIRMED**.