# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D19-1095

———————————————

TYRIQUE JACQUAN MORGAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

September 10, 2020

PER CURIAM.

Tyrique Morgan, Appellant, appeals the trial court's order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand because the trial court improperly denied Appellant's claim of newly-discovered evidence without giving him an opportunity to amend where the claim was facially insufficient and not refuted by the record.

Appellant entered a partially negotiated plea of guilty in which the State agreed to let him plead guilty to attempted second-degree murder, armed robbery, and possession of a firearm. There was no agreement as to Appellant's sentence, and Appellant was ultimately sentenced to a total of 25 years in prison followed by 5

years of probation. This Court affirmed Appellant's judgments and sentences and issued its mandate on August 11, 2017.

On September 7, 2018, Appellant filed the instant motion to withdraw his plea. Appellant attached an affidavit that identified someone else as the actual perpetrator of the armed robbery and shooting. The affiant, Anthony Tyrone Jones, claimed that perpetrator called him just after the robbery and shooting and told him to "turn on the news, as he was on television robbing someone." The affiant claimed that the perpetrator was the one who shot the victim and claimed that the perpetrator also told his parents what he did.

In his motion, Appellant claimed he obtained this evidence in the last two years, Mr. Jones was unknown to Appellant, and his counsel could not have known by due diligence prior to then. Appellant claimed his stipulation to the factual basis for his plea was for plea purposes only, but had he known of this evidence, he would not have pleaded guilty.

The lower court properly construed the motion as filed pursuant to Florida Rule of Criminal Procedure 3.850 and ordered the State to respond. Ultimately, after considering the State's response, the lower court summarily denied the motion, and this timely appeal followed.

Here, Appellant challenges the trial court's denial of his motion. We find that reversal is required. As conceded by the State in its response to this Court's *Toler** order, the trial court abused its discretion when it failed to provide Appellant an opportunity to amend his facially insufficient claim. In asserting a claim of newly discovered evidence, Appellant was required to demonstrate that the evidence was not known to him or his counsel and could not have been discovered with due diligence by the time of trial. *See Murrah v. State*, 773 So. 2d 622, 623 (Fla. 1st DCA 2000). Here, Appellant failed to allege any facts demonstrating how and when he became aware of the affiant, the affidavit, or any other facts to support his contention that his motion is timely. Because

---

\* *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

2

Appellant has not alleged sufficient facts in support of his claim that the evidence is newly-discovered, the claim is facially insufficient. *See Burns v. State*, 110 So. 3d 96, 97 (Fla. 2d DCA 2013) (holding that the appellant's motion was facially insufficient where the appellant did not demonstrate "when or how he discovered the evidence or why it could not have been discovered sooner.").

However, because the claim is not refuted by the record and is facially insufficient, the lower court should have allowed Appellant an opportunity to amend. *See Spera v. State*, 971 So. 2d 754, 761–62 (Fla. 2007) (holding that a defendant should be given an opportunity to amend a facially insufficient rule 3.850 motion where the claim is not conclusively refuted by the record). As such, we reverse the lower court's order and remand for the court to provide Appellant with an opportunity to amend his facially insufficient claim.

REVERSED and REMANDED for further proceedings.

LEWIS, B.L. THOMAS, and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Mark S. Barnett of The Barnett Law Firm, PLLC, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

3